UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Christopher J. Gonzalez, | Case No. 23-CV-2718 (ECT/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. Eischen, | |
| Respondent. | |

This matter is before the Court on Petitioner Christopher J. Gonzalez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1 ("Petition")). For the following reasons, the Court recommends denying the Petition and dismissing this action.

In November 2020, a grand jury in the U.S. District Court for the Northern District of Illinois issued an indictment charging Gonzalez (as relevant here) with knowingly and intentionally distributing 40 grams or more of a substance containing a "detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide)," in violation of 21 U.S.C. § 841(a)(1). *See* Indictment 1-2, *United States v. Gonzalez*, No. 20-CR-0651-2 (N.D. Ill. Oct. 20, 2020).[1] In April 2022, Gonzalez entered into a plea

---

[1] Certain filings in Gonzalez's criminal case are cited here but do not appear in this case's filings. As public court records, however, the Court can take judicial notice of these materials. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Lenear v. Coates*, No. 23-CV-0831 (ECT/JFD), 2023 WL 4901283, at *1 n.1 (D. Minn. Aug. 1, 2023) (citing *Stutzka*). Citations to filed materials use the page numbers provided by the relevant district's electronic-filing system.

agreement under which he agreed to plead guilty.  *See* Plea Agreement 1-2, *United States v. Gonzalez*, No. 20-CR-0651-2 (N.D. Ill. Apr. 20, 2022).  Judge Robert M. Dow later sentenced Gonzalez to 60 months imprisonment.  *See* J. in a Criminal Case 2, *United States v. Gonzalez*, No. 20-CR-0651-2 (N.D. Ill. Sept. 1, 2022).  He is presently incarcerated at the Federal Prison Camp in Duluth, Minnesota.  (*See* Dkt. 1 at 1.)

The Court received the Petition on September 5, 2023.  (*See* Docket.)  Fundamentally, the Petition argues that the Federal Bureau of Prisons ("BOP") is inappropriately denying Gonzalez eligibility for "First Step Act credits."  (*See* Dkt. 1 at 2; *see also id.* at 6-7.)  For relief, Gonzalez asks the Court to mandate that the BOP "correct" his eligibility status.  (*Id.* at 7.)

As the Court understands the Petition, it concerns Gonzalez's eligibility for so-called earned-time credits ("ETCs") under 18 U.S.C. § 3632(d)(4).  Section 3632(d)(4)(A) states that "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn" certain amounts of ETCs.

As the ineligible-prisoner carveout suggests, however, a prisoner cannot earn ETCs if he "is serving a sentence for a conviction under any of [various] provisions of law." 18 U.S.C. § 3632(d)(4)(D).  This list includes convictions under "[s]ubparagraph . . . (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. [§] 841(b)(1)) . . . relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

propanamide, or any analogue thereof." *Id.* § 3632(d)(4)(D)(lxvi).  The reference here corresponds to 21 U.S.C. § 841(b)(1)(B)(vi), which sets the penalties for § 841(a) violations concerning (as relevant here) "40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide."

This is precisely the sort of conviction for which Gonzalez is presently in prison.  His indictment asserted his distribution of 40 grams or more of a fentanyl-containing substance; his plea agreement conceded the same.  *See* Indictment at 1, *Gonzalez*, No. 20-CR-0651-2 (N.D. Ill.); Plea Agreement at 2; *Gonzalez*, No. 20-CR-0651-2 (N.D. Ill.).  Gonzales is thus straightforwardly "serving a sentence for a conviction" that makes him ineligible to earn ETCs under 18 U.S.C. § 3632(d)(4).  The Court therefore recommends denying the Petition and dismissing this action.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Petitioner Christopher J. Gonzalez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1) be **DENIED**.

2. This action be **DISMISSED**.

Dated: October 6 , 2023                     *s/Elizabeth Cowan Wright*
                                            ELIZABETH COWAN WRIGHT
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).